# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANK HARRIS, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA & CENLAR FSB, <br><br> Defendants. | CASE NO. 17cv2347-GPC(AGS) <br><br> **ORDER** <br><br> **1) GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;** <br> **[Dkt. No. 4]** <br><br> **(2) *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;** |

On November 20, 2017, Plaintiff Robert Frank Harris, proceeding *pro se*, filed a Complaint against Defendants United States of America and Cenlar Federal Savings Bank. (Dkt. No. 1.) Plaintiff also filed an amended motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. Nos. 4.) For the following reasons, the Court GRANTS Plaintiff's motion to proceed IFP, but *sua sponte* DISMISSES the action.

### Discussion

**A.     Amended Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submitted an amended declaration reporting that he receives $5,068.00 in disability income and has $5,068.00 in expenses. The Court finds that Plaintiff has sufficiently demonstrated that he is unable to pay the required filing fee and meets the § 1915(a) requirements to proceed IFP. Therefore, the Court GRANTS Plaintiff's motion for leave to proceed IFP.

**B.     *Sua Sponte* Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

to Federal Rule of Civil Procedures 4(c)(2). <u>Lopez</u>, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, while Plaintiff has presented facts concerning a grievance against Defendants, he has not alleged any claims or causes of action for relief. Therefore, the Court cannot determine whether he has sufficiently stated a claim for relief. Accordingly, the Court *sua sponte* DISMISSES Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's amended motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED: December 14, 2017

HON. GONZALO P. CURIEL
United States District Judge